IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLESTER BILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-CV-416-JHP-SAJ |
| ) | (BASE FILE) |
| UNITED STATES FEDERAL COURT; ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This is a consolidated 42 U.S.C. § 1983 civil rights action commenced by Plaintiff, a prisoner appearing *pro se*. Plaintiff filed his two (2) separate complaints naming as Defendants the United States Federal Court and the Federal Government, and alleging that those Defendants had conspired to achieve false arrest(s) and conviction(s). See Dkt. # 1, Case No. 05-CV-416-JHP; Dkt. # 1, Case No. 05-CV-417-JHP. In both cases, Plaintiff seeks monetary damages. In the interest of judicial economy, the two cases have been consolidated.

Plaintiff also seeks leave to proceed *in forma pauperis* (Dkt. # 2). After reviewing Plaintiff's litigation history in this District Court, the Court finds that Plaintiff's motion for leave to proceed *in forma pauperis* should be denied. Title 28 U.S.C. § 1915(g), as amended by the Prison Litigation Reform Act ("PLRA"), generally prevents a prisoner from proceeding *in forma pauperis* in any civil action or appeal, if, on three or more prior occasions, the prisoner has brought an action or an appeal which has been dismissed as frivolous or malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); see also Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996). Records from this Court indicate that Plaintiff has had more than three civil actions dismissed as frivolous, malicious, or for failure to state a claim on which relief can be granted after being granted leave to proceed *in forma*

*pauperis*. See, e.g., Bills v. Randle, et al., 97-CV-1131-TRB; Bills v. Glanz, et al., 94-CV-1168-TCK; Bills v. United States Federal Court, et al., 94-CV-477-JOE; and Bills v. Whitman, et al., 94-CV-491-JOE.

Accordingly, Plaintiff has three "prior occasions" under § 1915(g), and, unless he is in imminent danger of serious physical injury, he cannot proceed with this action under the *in forma pauperis* provisions. See Young v. Miller, 144 F.3d 1298 (10th Cir. 1998). Plaintiff's claims do not involve imminent danger of serious physical injury and he does not fall under the exception. Therefore, the Court finds Plaintiff's motion for leave to proceed *in forma pauperis* should be denied. To avoid dismissal of this action, Plaintiff must pay the full filing fee of **$250.00** within twenty (20) days of the entry of this Order.

    **ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. # 2) is **denied** pursuant to 28 U.S.C. § 1915(g).

2. Within twenty (20) days of the entry of this Order, or by September 6, 2005, Plaintiff must pay the full **$250.00** filing fee.

3. Failure to pay the filing fee within 20 days shall result in the dismissal of the complaint without prejudice.

SO ORDERED THIS 17th day of August 2005.

James H. Payne
United States District Judge
Northern District of Oklahoma